**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| ANDRE L. GORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:08-CV-151 |
| | ) |
| KENNETH FRIES, *et al*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the complaint filed by Andre L. Gorman, a pro se prisoner, on March 28, 2008. For the reasons set forth below, the Court **DISMISSES** this case **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Gorman filed a prisoner complaint under 42 U.S.C. § 1983 on March 28, 2008. In the complaint, he names as defendants Allen County Jail Sheriff, Kenneth Fries and unidentified "Medical Department" staff at the Allen County Jail. (Compl., DE # 1 at 2.) Gorman alleges that his Eighth Amendment rights were violated by the medical staff at the Allen County Jail when the staff allegedly refused to give him proper medical treatment for his gunshot wounds.

DISCUSSION

In accordance with 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

According to the Seventh Circuit,

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted). Additionally, Federal Rule of Civil Procedure 8(a)(2):

2

> [R]equires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. \_\_\_\_, \_\_\_\_, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 127 S. Ct. at 2200 (parallel citations omitted).

Under *Twombly*,

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted).

Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less

3

> stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson*, 127 S. Ct. at 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted)).

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the Eighth Amendment's proscription against cruel and unusual punishment applies only to people convicted of crimes, and the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Conduct is defined as "deliberately indifferent" when an official has acted "in an intentional or criminally reckless

4

manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and citation omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. *See Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference is a very high standard, and the defendants would not be liable under section 1983 even if they were incompetent or committed medical malpractice. See *Walker v. Peters,* 233 F.3d 494 (7th Cir. 2000).

Serious Medical Needs

A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *Gutierrez,* 111 F.3d at 1373. Further, a "serious" medical need, if untreated,

5

could result in further significant injury or unnecessary pain, and significantly affects the person's daily activities or features chronic and substantial pain. *Id.*

After Gorman's arrest on December 19, 2007, Gorman alleges he was taken to the Allen County Jail with open gunshot wounds. (Compl., DE # 1 at 3.) A few weeks earlier, on November 28, 2007, Gorman was shot three times, once in the neck and once in each arm. He claims his wounds did not heal properly. At the time of his arrest, Gorman was taking a prescribed sleep medication and an antibiotic to ward off infection. (Letter, DE # 1-4 at 1.) When he entered the jail, Gorman surrendered his medication. Five days later, on December 24, 2008, the jail's medical staff gave him the sleep medication, but not the antibiotic. Several times in January, Gorman complained to the jail's medical staff about "pain and complications" from his wounds, which included headaches, blurry vision, lumps, and the feeling of water in his left ear. (Compl., DE # 1 at 3.) Giving Gorman the benefit of all the inferences to which he is entitled at this pleading stage, these allegations demonstrate a serious medical need.

Deliberate Indifference

Gorman asserts Defendants denied his requests to be taken to a hospital emergency room for "pain and complications" related to his gunshot wounds, denied him an eye test, delayed antibiotic

6

treatment, and denied him consultation with a specialist (unless he first paid for it). According to Gorman, his medical problems required emergency consideration or treatment by a specialist. (Medical Request Forms, DE # 1-2 at 4.) Between January 12, 2008, and March 6, 2008, Gorman submitted seventeen medical request forms. Complaining of "pain and complications," he repeatedly asked to be taken to the hospital. Each time, the jail's medical staff denied this request. During the same period, Gorman saw the jail's medical staff five times. On February 11, 2008, he obtained the antibiotic medication for infection. However, on February 25, 2008, the medical staff denied him an "eye test." Three days later, Gorman received additional medications, but he claims they did not help. Gorman also complains he could see a specialist if he had $300.00 and that white prisoners could go to the hospital. (DE # 1 at 3-4.)

The record shows that Gorman was taking antibiotics when he arrived at the jail. However, he relinquished his medication upon entering the jail. Accepting the allegations in the complaint as true, the jail did not provide Gorman with antibiotic medication until forty-six days[1] later. He charges the medical treatment he received at the jail was ineffective and that he should have received antibiotics sooner. A delay in treatment can constitute harm under the Eight Amendment if it causes "needless suffering." *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004). But, throughout the

---

[1] December 27, 2007 to February 11, 2008 is forty-six days.

7

relevant time period, Gorman's submissions show he received medical attention usually within less than a week after he requested it.

On February 11, 2008, the jail's medical staff gave Gorman antibiotics for an "infection." This implies that February 11, 2008, was when the jail medical staff determined Gorman needed antibiotics. Gorman does not allege that he had an infection when he entered the jail. His submissions suggest the antibiotics he was taking originally had been prescribed as a prophylactic measure. The jail medical staff saw Gorman many times for his complaints of "pain and complications" related to his gunshot wounds. Apparently in response to his complaints that the medications they dispensed were ineffective, the jail medical staff changed the medications. The Eighth Amendment does not require medical success nor even reasonable treatment, it merely prohibits wanting harm to come to the prisoner. Malpractice or disagreement with a doctor's treatment decisions is not deliberate indifference. *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Gorman's complaint that the jail medical staff delayed antibiotic treatment therefore does not state a claim because it does not rise to a level of deliberate indifference.

Gorman also complains the jail medical staff would not accede to his demands that he be taken to a hospital emergency room or to see a specialist. He claims the jail would allow him to see a specialist only if he first paid. "Under the Eighth Amendment, [a

prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A prisoner is not constitutionally entitled to "unqualified access to healthcare"; rather, he is entitled only to "adequate medical care." *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Moreover, the Eighth Amendment does not guarantee free medical care. *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997), and *Martin v. DeBruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995), *aff'd* , 116 F.3d 1482 (7th Cir. 1997).

Gorman's submissions show the professional judgment of the jail medical staff, including at least one doctor, was that treatment of his wounds and related complications did not require emergency hospital attention. A preference for a less costly treatment is not evidence of deliberate indifference unless such preference is "so inadequate that it demonstrate[s] an absence of professional judgment, that is, that no minimally competent professional would ... so respond[ ] under those circumstances." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). Gorman's submissions do not show the jail medical staff's decisions were devoid of medical judgment; his mere disagreement with their opinions does not state a claim.

While the record shows an open wound and unsanitary conditions in the jail support an inference that Gorman's risk of infection was substantial, his allegations do not reasonably support an inference

that the jail medical staff possessed the requisite state of mind for deliberate indifference. Viewing the facts in the light most favorable to Gorman and drawing all reasonable inferences in his favor, he does not state a claim that Defendants were deliberately indifferent to his serious medical needs.

Gorman also implies the jail medical staff denied him outside medical treatment and discriminated against him on account of his race. He asserts, "I am still being denied to go to hospital, but 'white inmates' can go." (Compl., DE # 1 at 4, ¶ 11; DE # 1-2 at 4.) The Fourteenth Amendment's guarantee of equal protection is a right to be free from invidious discrimination in statutory classifications or other governmental activity. *See Harris v. McRae*, 448 U.S. 297, 322 (1980); *Shango v. Jurich*, 681 F. 2d 1091, 1103 (7th Cir. 1982). Although Gorman alleges an indigent white prisoner with "medical needs" was sent for treatment outside the jail, the jail medical staff may have determined that the individual needed emergency attention, or the person may have first paid to see a specialist. Gorman does not allege sufficient facts to show that he and the alleged unidentified white prisoner were similarly-situated. Without more, Gorman's insinuation that Defendants discriminated against him does not rise above the level of speculation and is insufficient to state a claim.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

DATED:  November 13, 2008          /s/RUDY LOZANO, Judge
                                   **United States District Court**